Dyer v. McHenry & Co., Garnishees.

1. TRANSFER AND ASSIGNMENT. When all the right, title and interest of the payee of an acceptance against a judgment debtor is transferred to a garnishee before service of notice of garnishment, he is entitled to credit for the amount thereof on any debt due from him to the said debtor, though the assignment in writing was not executed until after such notice. *Aliter* when the parties had not completed the negotiation and transfer.

*Appeal from Dubuque District Court.*

FRIDAY, OCTOBER 10.

PLAINTIFF held a judgment against one Lancaster, and on the 13th of March, 1861, garnished defendants, as his debtors. The answer admits a small indebtedness. Plaintiff claims that the indebtedness is larger, and this depends upon the question, whether a certain acceptance against said Lancaster was held by defendants at the time of the garnishment, in such a manner as to constitute a set-off to the amount otherwise admitted to be due and owing. The cause was heard upon the answer of the garnishees, issue thereon, certain testimony and admissions. Judgment for plaintiff, and defendants appeal.

*Wiltse & Blatchley* for the appellants.

1. The garnishees, in determining the amount of their indebtedness, are entitled to the benefit of any equitable defense which they may have. *Greene* v. *Nelson,* 12 Met., 573; *Hathaway* v. *Russell,* 16 Mass., 479; *Allen* v. *Hull,* 5 Met., 266; *Wakefield* v. *Martin,* 3 Mass., 448; *Chapman* v. *Gale,* 32 N. H., 141; *Smith Twogood & Co.* v. *Clarke & Henley,* 9 Iowa, 241.

II. The garnishee is entitled to the benefit of contracts made before the garnishment, though not carried into effect until afterwards. 12 N. H., 118.

*Wilson, Utley & Doud* for the appellee, contended that the authorities cited in support of the first proposition stated by appellants' counsel, are not applicable, and cited Drake Attach., § 413, and the cases there cited.

WRIGHT, J. — The liability of Lancaster upon the acceptance is not controverted. But the inquiry is, whether the garnishees held it so as to be available to them in this case.

Dyer v. McHenry & Co.

The draft was drawn by Dimock & Gould on Lancaster, payable to the order of the Cashier of the State Bank, Dubuque Branch. It was accepted by Lancaster, and passed into the hands of the garnishees by indorsement from the cashier, and also the agent of the drawers. Did it thus pass, so as to vest the title legally or equitably in the indorsees, prior to the garnishment?

The appellants claim that if they had actually purchased and paid for this draft before the service of the garnishee process, and were in equity invested with all right and title thereto, they are not liable for the amount due Lancaster, but for such draft, though the written assignment was not made until long after, and just before making their answer. We are inclined to concede the truth of this proposition. The rule, however, cannot avail appellants, unless they held this equity. As a matter of fact, under the testimony, were they such equitable owners? We think not.

They admit their liability, but for this indorsement or acceptance. Their own version of the time of the purchase and circumstances attending it is not clear, nor does it place the facts beyond controversy in their favor. The testimony, aside from the answer, satisfies us that they perhaps were negotiating for it prior to the garnishment, but that this negotiation was not completed; nor did they part with any consideration until afterwards. The judgment is therefore

Affirmed.